UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENE HEREDIA,<br><br>  Plaintiff,<br><br>  v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>  Defendant. | Case No. 5:15-cv-02662-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

In 2012, Plaintiff Rene Heredia ("Plaintiff"), a Bolivian doctor, contracted to purchase an expensive medical device known as the da Vinci system (the "Device") - "a complex surgeon-controlled robot designed to assist surgeons" with various procedures. See Compl., Docket Item No. 1, at ¶ 10. He paid over $2 million on the contract, but never received the Device and could not obtain a complete refund. He now sues Defendant Intuitive Surgical, Inc. ("Intuitive") as the principal of the Bolivian company with which he contracted. Plaintiff also claims that Intuitive made its own offer to sell along with misrepresentations, all of which induced him to order the Device.

Presently before the court is Intuitive's Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 12. Plaintiff opposes the motion. See Docket Item No. 23. The court finds this matter suitable for disposition without oral argument. See Civ. L.R. 7-1(b). For the reasons explained below, Intuitive's motion will be

1   granted in its entirety.

2   **I.   BACKGROUND**

3   Plaintiff is a "highly-respected urologist and surgeon practicing in Santa Cruz, Bolivia" and travels throughout South America and the United States to participate in medical conferences. See Compl., Docket Item No. 1, at ¶¶ 2, 9. He first learned of the da Vinci system after seeing Intuitive's booths at medical conferences. Id. at ¶ 10. Plaintiff was interested in purchasing the Device and spoke with Intuitive representatives Vanessa Owens and Jesus Delgado at the American Urological Association ("AUA") conference in Washington, D.C., in May, 2011. Id. at ¶ 12. Because he resided in Bolivia, Owens and Delgado informed Plaintiff he needed to pay for the Device through Intuitive's agent and exclusive distributor for that territory, DeLeC Cientifica Argentina SA ("DeLeC"). Id. at ¶ 13.

As instructed, Plaintiff contacted DeLeC's president, Carlos Lecour, who visited Plaintiff's clinic in Bolivia and delivered an extensive presentation demonstrating the Device's capabilities. Id. at ¶ 16. Lecour also provided Plaintiff with detailed marketing and performance literature which was produced by Intuitive for use by DeLeC, and told Plaintiff that an order for the Device must be placed through DeLeC's agent and Intuitive's exclusive sub-distributor for Bolivia, Trimedical Bolovia ("Trimedical"). Id. at ¶¶ 16, 17.

Plaintiff contacted Trimedical and entered into a Purchase and Sale Agreement for the device at a price of $2,744,000. Id. at ¶ 18. Plaintiff began making installment payments and by May, 2013, had paid a total of $2,000,096. Id. at ¶ 19.

However, at the 2013 AUA conference in San Diego, Plaintiff learned from Lecour that DeLeC had received only $850,000 toward Plaintiff's purchase, even though he had paid over $2 million. Id. at ¶ 20. Plaintiff stopped making payments and sued Trimedical in Bolivia, resulting in a settlement that requires Trimedical to pay back the funds it failed to transfer to DeLeC. Id. at ¶ 21.

For their part, neither DeLeC nor Intuitive have refunded the remainder of Plaintiff's payment, although DeLeC has admitted it received $850,000 on Plaintiff's behalf and is in

2

Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

possession of those funds.  Id. at ¶¶ 22, 23.  Lecour stated at one point that he would return Plaintiff's money but would have to deduct 8% to 11% as a "cost of doing business."  Id. at ¶ 24.

Plaintiff initiated the instant action in this court on June 12, 2015.  He asserts the following claims against Intuitive: (1) conversion, (2) breach of contract, (3) fraudulent misrepresentation-vicarious liability, (4) fraudulent misrepresentation-direct liability, (5) fraudulent concealment, and (6) negligent misrepresentation.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

Claims that sound in fraud are subject to a heightened pleading standard.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  This generally requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz, 476 F.3d at 764.  In other words, fraud or claims asserting fraudulent conduct must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider

3

Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
2  1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of
3  the complaint or relied upon in the complaint, and may also consider material subject to judicial
4  notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### III. DISCUSSION

#### A. Agency

The parties dispute whether Plaintiff sufficiently pled the existence of an actual agency relationship between Intuitive, DeLeC and Trimedical. This issue is addressed first because agency principles are essential to several of Plaintiff's claims.

"An agent is one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. This special relationship is significant in litigation because "[p]rincipals are liable for the torts of their agents committed within the scope of their agency." Holley v. Crank, 400 F.3d 667, 673 (9th Cir. 2004).

"An agency is actual when the agent is really employed by the principal." Cal. Civ. Code § 2299. Under California law, the "essential elements" of this type of agency are as follows: "(1) An agent or apparent agent holds a power to alter the legal relations between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him." Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp., 148 Cal. App. 4th 937, 964 (2007) (citing Lewis v. Super. Ct., 30 Cal. App. 4th 1850, 1868-1869 (1994)). Facts establishing these elements must be pled to proceed against a defendant based on an agency theory. See Palomares v. Bear Stearns Residential Mortg. Corp.,

United States District Court
Northern District of California

No. CV 07-1899 WQH (BLM), 2008 U.S. Dist. LEXIS 19407, at *11, 2008 WL 686683 (S.D. Cal. Mar. 13, 2008).

Here, Plaintiff's claims rely on a two-part agency, or an agency followed by a subagency: specifically that DeLec was the agent of Intuitive and that Trimedical, with whom he ultimately contracted, was the agent of DeLeC or a subagent of Intuitive. As to DeLeC, Plaintiff alleges that Owens and Delgado informed him at the 2011 AUA conference that he needed to pay for the Device "through Intuitive's agent and exclusive distributor" for his home territory. See Compl., at ¶ 13. He further alleges that Intuitive "cloaked" DeLeC with "actual and ostensible authority to act on its behalf" because, on Intuitive's website, it directs potential buyers located in Argentina, Uruguay and Paraguay to contact DeLeC. Id. at ¶ 25. In addition, Plaintiff contends that Intuitive has staffed its booths at medical conferences with DeLec employees, who then distribute Intuitive's marketing materials. Id. As to Trimedical, Plaintiff alleges he was instructed by Lecour to place his order through that company since it was "DeLeC's agent and Intuitive's exclusive sub-distributor for Bolivia." Id. at ¶ 17.

Though he argues otherwise, Plaintiff's agency allegations are too conclusory to be plausible. The comments of Owens, Delgado and Lecour - conclusions themselves - are not rendered any less conclusory when repeated by Plaintiff in the Complaint. Notably, Plaintiff does not allege that Owens and Delgado said anything more than to simply declare that DeLeC was Intuitive's agent, let alone revealed any information relevant to pleading agency. An equivalent observation can be made about Lecour's statement concerning Trimedical's relationship with DeLeC; it is just a conclusion.

Furthermore, Plaintiff relies on circumstantial facts that are inadequate to signify the existence of an actual agency relationship between Intuitive, DeLeC and Trimedical. Intuitive's utilization of DeLeC employees at medical conferences and a directive on its website, while interesting, are not facts which establish the relevant elements of actual agency. Indeed, even if all the allegations are examined as a whole, what is still missing are facts plausibly explaining that DeLeC was empowered to contract on Intuitive's behalf (or Trimedical on DeLeC's behalf), that

5
Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  DeLeC was Intuitive's fiduciary for such dealings, and that Intuitive exercised control over
2  DeLeC. Under Rule 8, allegations of actual agency by admission, which seems to be what
3  Plaintiff asserts here, are not enough to satisfy the doctrine's components.[1]

4  Accordingly, the court concludes that Plaintiff has not sufficiently pled an actual agency
5  relationship between Intuitive, DeLec and Trimedical. As a result, the third claim for fraudulent
6  misrepresentation based on vicarious liability must be dismissed, but with leave to amend, because
7  it cannot exist without a viable agency.

### B. Conversion

Conversion is the "wrongful exercise of dominion over the property of another." Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2012). To state a claim for conversion, a plaintiff must plead the following elements: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Id. For the second element, while "[i]t is not necessary that there be a manual taking of the property," the plaintiff must show "an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." Messerall v. Fulwider, 199 Cal. App. 3d 1324, 1329 (1988).

Having not pled an agency, Plaintiff has not satisfied the second element of conversion. In the Complaint, Plaintiff alleges he made payments to Trimedical, and that a portion of those payments were received by DeLeC. Absent, however, is any indication that Intuitive directly assumed control or ownership over Plaintiff's payments or that it applied those payments for its own use. Thus, the conversion claim will be dismissed with leave to amend.[2]

---

[1] Agency can also be ostensible. Cal. Civ. Code § 2298; Cal. Civ. Code § 2300 ("An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."); J.L. v. Children's Inst., Inc., 177 Cal. App. 4th 388, 403-404 (2009). Plaintiff, however, did not specifically discuss ostensible agency principles in response to Intuitive's motion, despite some reference to it in the Complaint. The court likewise does not discuss ostensible agency here so as to avoid analyzing arguments not adequately placed at issue.

[2] Plaintiff also alleges that "Intuitive is subject to liability under aiding and abetting principles," but neither plausibly pleads why this is so or argues as much in his opposition to this motion. See

6
Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### C. Breach of Contract

In California, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

Intuitive argues that Plaintiff has not succeeded in pleading the existence of an actionable written or oral contract between Plaintiff and Intuitive. The court agrees that Plaintiff's breach of contract claim cannot proceed in its current form for several of the reasons identified by Intuitive.

First, it must be noted that the only written contract referenced in the Complaint is the Purchase and Sale Agreement Plaintiff entered into after contacting Trimedical pursuant to Lacour's instruction. Plaintiff does not allege that Intuitive was a party to that agreement, and, for reasons already explained, he has not demonstrated an agency relationship between Trimedical, DeLeC and Intuitive. As such, Plaintiff has not stated a claim for breach of a written contract.

Second, the facts in the Complaint do not plausibly allege the creation of oral contract between Plaintiff and Intuitive. Plaintiff alleges that he accepted an offer made by Intuitive at the AUA conference in 2011 to sell him the Device if he placed his order through DeLeC. Ultimately, however, Plaintiff placed an order through Trimedical, not DeLeC. Thus, under the current allegations, Plaintiff did not meet Intuitive's terms and negated the alleged offer by failing to do so. See Panagotacos v. Bank of Am., 60 Cal. App. 4th 851, 855-856 (1998) ("[T]erms proposed

---

Saunders v. Super. Ct., 27 Cal. App. 4th 832, 846 (1994) (explaining that aiding and abetting liability can be imposed if the defendant "(a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person").

In addition, Plaintiff did not adequately plead a respondeat superior theory by claiming only that Lecour "was an officer or employee of Intuitive." Nothing is alleged about the scope of Lecour's duties. See Perez v. Van Groningen & Sons, 41 Cal. 3d 962, 968 (1986) ("To recover under respondeat superior, plaintiff bears the burden of proof to demonstrate that the employee's tortious act was committed within the scope of his employment."); see also Griffin v. Aerosat USA, No. 2:10-cv-01838 JWS, 2010 U.S. Dist. LEXIS 118610, at *15-16, 2010 WL 4580192 (D. Ariz. Nov. 2, 2010) ("In order to rely on a theory of respondeat superior, plaintiffs must plead facts giving rise to a reasonable inference that specific defendants were acting within the scope of their employment at particular times.").

7
Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

in an offer must be met exactly, precisely and unequivocally for its acceptance to result in the formation of a binding contract; and a qualified acceptance amounts to a new proposal or counteroffer putting an end to the original offer . . . .").

Third, as currently pled, the offer Plaintiff allegedly accepted at the 2011 AUA conference was not detailed enough to lead to the creation of an enforceable contract. "In order for acceptance of a proposal to result in the formation of a contract, the proposal must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance promised is reasonably certain." Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 811 (1998). "The phrase 'reasonably certain' means the terms 'provide a basis for determining the existence of a breach and for giving an appropriate remedy.'" Alexander v. Codemasters Grp. Ltd., 104 Cal. App. 4th 129, 141 (2002) (quoting Restatement (Second) of Contracts, § 33, subd. (2)). The offer described in the Complaint is not reasonably certain because Intuitive's performance was made dependent on yet-to-be identified terms of a potential agreement with another party. Under those circumstances, the question of whether or not Intuitive had breached the contract could only be answered by knowing those subsequent terms.

Fourth, Plaintiff has not identified an actionable breach. Plaintiff's argument appears to be that, because Intuitive structured the transaction such that Plaintiff's payments would flow from Trimedical to DeLeC and then from DeLeC to Intuitive, Trimedical breached the agreement when this flow of funds did not completely occur. The problem with this argument is that a provision designating the flow of funds was neither included in Plaintiff's written agreement with Trimedical nor alleged to be part of Intuitive's 2011 oral offer. See Req. for Judicial Notice, Docket Item No. 12, at Ex. 1.[3]  In any event, the actual terms of the Trimedical contract reveal that

---

[3] Intuitive's request for judicial notice of the Trimedical Contract is GRANTED. See United States ex rel. Lee v. Corinthian Colls., 655 F.3d 984, 999 (9th Cir. 2011) (holding the court may consider on a motion to dismiss "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."). The court does not take judicial notice of the printout from the AUA website, however, because doing so is not necessary to resolve this motion.

8
Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1 the time for performance by Trimedical or Intuitive had not arrived by the time Plaintiff stopped
2 paying in 2013 because Plaintiff had yet to tender full payment. Id. ("The payment that BUYER
3 will make for the EQUIPMENT, upon execution of the Agreement hereof, shall be in advance,
4 therefore, it shall be made in cash.").

Due to these deficiencies, the claim for breach of contract will be dismissed with leave to amend.

### D.    Fraud-Based Claims

As noted, Plaintiff asserts three fraud-based claims directly against Intuitive. Each of these claims is based on an alleged misrepresentation by Owens and Delgado, made in 2011, that DeLeC was "competent, trustworthy and able to complete the transaction." See Compl., at ¶¶ 61, 71, 81. Plaintiff alleges that Owens and Delgado concealed the truth about DeLeC and instead made these statements to induce Plaintiff into an agreement to purchase the Device.

The elements of fraudulent misrepresentation in California are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). The elements of negligent misrepresentation are similar except that a plaintiff need not show that the defendant knew of the falsity of the statement, but rather that the defendant lacked reasonable ground for believing the statement to be true. McReynolds v. HSBC Bank USA, No. 5:11-cv-05245 EJD, 2012 U.S. Dist. LEXIS 165219, at *6, 2012 WL 5868945 (N.D. Cal. Nov. 19, 2012). "The required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." Graham v. Bank of Am., N.A., 226 Cal. App. 4th 594, 606 (2014). These claims are subject to Rule 9(b)'s heightened pleading standard. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

9
Case No.: 5:15-cv-02662-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    Intuitive first argues that Plaintiff failed to sufficiently allege that the statement concerning
2    DeLeC's reliability was either false or incomplete when made.  The court agrees that Plantiff's
3    allegations are deficient in that way.  Although it is true that Rule 9(b) permits "[m]alice, intent,
4    knowledge, and other conditions of a person's mind" to be alleged generally, the plaintiff must
5    still "set forth an explanation as to why the statement or omission complained of *was* false or
6    misleading."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis
7    added).  Consequently, "the plaintiff is precluded from simply pointing to a defendant's statement,
8    noting that the content of the statement conflicts with the current state of affairs, and then
9    concluding that the statement in question was false when made."  Smith v. Allstate Ins. Co., 160 F.
10   Supp. 2d 1150, 1153 (S.D. Cal. 2001).

But that is exactly what Plaintiff has done here.  In an effort to show that Owens and Delgado made a false or incomplete statement, Plaintiff conclusorily alleges that "neither DeLeC nor Trimedical are honest or competent businesses" based on unspecified complaints from other unidentified customers which apparently have caused Intuitive to, at present, consider terminating its relationship with DeLeC.  This sort of allegation will not suffice - not only because it attempts to show past falsehood by pointing to circumstances that currently exist - but because it is not particular enough to satisfy Rule 9(b).  It also fails to explain why Owens and Delgado should be charged with knowledge of customer complaints made to their employer.

Since Plaintiff has not adequately pled the first and most basic element of these fraud-based claims, the court need not address Intuitive's other arguments in favor of dismissal.  The claims for fraudulent misrepresentation-direct liability, fraudulent concealment, and negligent misrepresentation will each be dismissed with leave to amend.

### IV.  ORDER

Based on the foregoing, Intuitive's Motion to Dismiss (Docket Item No. 12) is GRANTED.  All claims are DISMISSED WITH LEAVE TO AMEND.  Any amended complaint must be filed on or before **December 18, 2015.**

Because all claims have been dismissed, the court declines to set a case management

schedule at this time.  The hearing and Case Management Conference scheduled for December 3, 2015, are VACATED.

**IT IS SO ORDERED.**

Dated:  November 30, 2015


EDWARD J. DAVILA
United States District Judge