1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6                           SAN JOSE DIVISION

7

8    RENE HEREDIA,                          Case No.  5:15-cv-02662-EJD

             Plaintiff,
9                                           ORDER GRANTING IN PART AND
10       v.                                 DENYING IN PART DEFENDANT'S
                                            MOTION TO DISMISS
11   INTUITIVE SURGICAL, INC.,
                                            Re: Dkt. No. 35
             Defendant.
12

13         Plaintiff Rene Heredia ("Plaintiff") is a Bolivian doctor who contracted to purchase a

14   "complex surgeon controlled robot" known as the da Vinci system (the "Device").  First Am.

15   Compl. ("FAC"), Dkt. No. 32, at ¶ 11.  He paid over $2 million on the sales agreement, but did not

16   receive the Device.  Nor did he receive a refund of the payments he made.  He now sues

17   Defendant Intuitive Surgical, Inc. ("Intuitive"), which he alleges is responsible for the conduct of

18   the foreign company with which he transacted.  Plaintiff also alleges Intuitive made its own

19   independent misrepresentations to induce him to purchase the Device.

20         Federal jurisdiction arises pursuant to 28 U.S.C. § 1132.  Presently before the court is

21   Intuitive's Motion to Dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and

22   12(b)(7).  Dkt. No. 35.  Plaintiff opposes the motion.  Though Plaintiff's original complaint was

23   dismissed in its entirety, the court now finds that some of Plaintiff's amended claims withstand

24   Intuitive's 12(b)(6) motion.  The court also rejects Intuitive's joinder arguments under Rule

25   12(b)(7).  Accordingly, this motion will be granted in part and denied in part for the reasons that

26   follow.

27                                            1

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## I.   BACKGROUND

Plaintiff is a "highly-respected urologist and surgeon practicing in Santa Cruz, Bolivia" who participates in medical conferences throughout South America and the United States.  FAC, at ¶¶ 2, 10.  He first learned of the Device at the 2010 American Urological Association ("AUA") meeting in San Francisco.  Id. at ¶ 12.  Thereafter, he sought out Intuitive's representatives at the 2011 AUA meeting in Washington, D.C. to discuss his purchase of the Device.  Id. at ¶ 13. Specifically, he spoke with Vanessa Owens, Jesus Delgado and Steven La Mendola.  Id.  Owens was Intuitive's Sales Manager for Latin America, Canada and Australia.  Id.  Jesus Delgado was sales representative whose territory also included Latin America.  Id.  La Mendola was Intuitive's Senior Clinical Sales Representative for Latin America.  Id.

Plaintiff alleges that Owens, Delgado and La Mendola stated that Intuitive would sell the Device to Planitiff, but Plaintiff would need to purchase it through Intuitive's "agent and exclusive distributor for Bolivia," DeLeC Cientifica Agentina SA ("DeLeC").  Id. at ¶ 14.  Based on this instruction, Plaintiff contacted DeLeC's president, Carlos Lecour, who visited Plaintiff's office in Bolivia and delivered a presentation demonstrating the Device's capabilities and provided Plaintiff with "detailed marketing and performance literature . . . . produced by Intuitive specifically for use by DeLeC," as well as materials "indicating that DeLeC and Intuitive were business partners and that Intuitive conducted its business in Bolivia through DeLeC."  Id. at ¶¶ 16, 17.  Lecour also told Plaintiff that his order must be placed through DeLeC's agent and Intuitive's sub-distributor for Bolivia, Trimedical Bolivia ("Trimedical").  Id. at ¶ 18.  Plaintiff initially decided not to proceed with the purchase after receiving a price quote.  Id. at ¶ 19.

At the 2012 AUA meeting in Atlanta, Plaintiff met with Owens and Jesus Alvarez-Quintero, another Intuitive employee responsible for managing Intuitive distributors.  Id. at ¶ 20. He also attended a dinner with Owens, Lecour and an officer of Trimedical, Bladimir Pantoja, where Plaintiff's purchase of the Device was discussed.  Id. at ¶ 21.  Plaintiff alleges that Owens, Lecour and Pantoja "made it clear that Intuitive, DeLeC and Trimedical would all work in concert" such that "Intuitive would stand behind the ultimate deal" even though device import

Case No.: 5:15-cv-02662-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1    regulations required the involvement of DeLeC and Trimedical.  Id.  He also alleges that Owens

2    and Delgado assured him that DeLeC was "competent, trustworthy and able to complete the

3    transaction."  Id. at ¶ 23.

4        In July, 2012, Plaintiff entered into a $2,744,000 Purchase and Sale Agreement for the

5    Device and began making installment payments to Trimedical as instructed by Lecour.  Id. at ¶¶

6    24, 25.  By May, 2013, Plaintiff had paid $2,000,096.  Id. at ¶ 25.  Plaintiff alleges that Lecour

7    indicated that the funds he paid "would flow to Intuitive," which would then provide the Device to

8    Plaintiff.  Id. at ¶ 26.

9        Plaintiff attended the 2013 AUA meeting in San Diego and visited Intuitive's booth, which

10   was staffed by Lecour.  Id. at ¶ 28.  Lecour told Plaintiff that DeLeC had only received $850,000

11   of his payments.  Id. at ¶ 29.  Plaintiff attempted to resolve this issue with DeLeC, but was

12   unsuccessful.  Id. at ¶¶ 30, 31.  DeLeC eventually stopped responding to Plaintiff's

13   communications.  Id. at ¶ 34.

14       Plaintiff ceased making further payments to Trimedical, and contacted Intuitive to discuss

15   the theft of his payments.  Id. at ¶¶ 35, 36.  Owens and La Mendola initially stated the problem

16   would be resolved, but both stopped contacting Plaintiff and have avoided speaking with him.  Id.

17   at ¶¶ 36, 37.  Alvarez-Quintero also "promised that Intuitive would take all necessary steps to

18   obtain a full refund" and disclosed that Intuitive may "cut ties" with DeLeC because of similar

19   problems with DeLeC and Lecour.  Id. at ¶ 38.

20       At present, Trimedical is making installment payments to Plaintiff following legal action in

21   Bolivia.  Id. at ¶ 40.  Plaintiff alleges that Intuitive and DeLeC refuse to return the $850,000

22   transferred from Trimedical.  Id. at ¶ 41.  However, Plaintiff alleges that Intuitive acknowledged

23   that DeLeC's retention of Plaintiff's funds is improper in an email from its inside legal counsel,

24   Chris Tom, to Lecour.  Id. at ¶¶ 42, 50.

25       Plaintiff initiated this action on June 12, 2015, and the court granted Intuitive's motion to

26   dismiss all claims asserted in the original complaint.  Dkt. Nos. 1, 29.  Plaintiff filed the FAC on

27

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

3

1    December 18, 2015, re-asserting claims against Intuitive for conversion and fraudulent

2    misrepresentation based on a theory of vicarious liability, and direct liability claims for fraudulent

3    concealment, fraudulent misrepresentation, and negligent misrepresentation.  This motion

4    followed.

5    **II.    LEGAL STANDARD**

6        **A.    Federal Rule of Civil Procedure 12(b)(6)**

7         Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

8    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

9    it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

10   The factual allegations in the complaint "must be enough to raise a right to relief above the

11   speculative level" such that the claim "is plausible on its face."  Id. at 556-57.  A complaint that

12   falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief

13   can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only

14   where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

15   legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

16        Claims that sound in fraud are subject to a heightened pleading standard.  Fed. R. Civ.

17   Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances

18   constituting fraud or mistake.");  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-1104 (9th Cir.

19   2003) (recognizing that claims "grounded in fraud" or which "sound in fraud" must meet the Rule

20   9(b) pleading standard, even if fraud is not an element of the claim).  The allegations must be

21   "specific enough to give defendants notice of the particular misconduct which is alleged to

22   constitute the fraud charged so that they can defend against the charge and not just deny that they

23   have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  This

24   requires "an account of the time, place, and specific content of the false representations as well as

25   the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764

26   (9th Cir. 2007).  In other words, fraud or claims asserting fraudulent conduct must generally

27

28

United States District Court
Northern District of California

Case No.: 5:15-cv-02662-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

1    contain more specific facts than is necessary to support other causes of action.

2            When deciding whether to grant a motion to dismiss, the court must generally accept as

3    true all "well-pleaded factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009).  The court

4    must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Retail Prop.</u>

5    <u>Trust v. United Bhd. of Carpenters & Joiners of Am.</u>, 768 F.3d 938, 945 (9th Cir. 2014)

6    (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a

7    Rule 12(b)(6) motion).  However, "courts are not bound to accept as true a legal conclusion

8    couched as a factual allegation."  <u>Iqbal</u>, 556 U.S. at 678.

9            Also, the court usually does not consider any material beyond the pleadings for a Rule

10   12(b)(6) analysis. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19

11   (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or

12   relied upon in the complaint, and material subject to judicial notice. <u>See Lee v. City of Los</u>

13   <u>Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).

14       **B.    Federal Rule of Civil Procedure 12(b)(7)**

15           Rule 12(b)(7) permits a defendant to move for dismissal for failure to join a party under

16   Federal Rule of Civil Procedure 19.  Pursuant to that rule, the court must undertake "three

17   successive inquiries." <u>EEOC v. Peabody W. Coal Co.</u>, 400 F.3d 774, 779 (9th Cir. 2005).  "First,

18   the court must determine whether a nonparty should be joined under Rule 19(a)." <u>Id</u>.  If this

19   question is answered affirmatively, "the second stage is for the court to determine whether it is

20   feasible to order that the absentee be joined." <u>Id</u>.  If joinder is not feasible, the third step requires

21   the court to determine "whether the case can proceed without the absentee, or whether the

22   absentee is an 'indispensable party' such that the action must be dismissed." <u>Id</u>.

23   **III.    DISCUSSION**

24       **A.    Intuitive's Request for Judicial Notice**

25           Intuitive submitted a request for judicial notice with three documents attached: (1) the sales

26   agreement between Plaintiff and Trimedical, dated July 10, 2012, (2) a portion of the United States

27

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

1    State Department's website pertaining to Argentina entitled "Legal Considerations," and (3) the e-

2    mail from Tom to Lecour concerning its retention of Plaintiff's payments.  Dkt. Nos. 36, 37.

3           Under Federal Rule of Evidence 201(b), the court "may judicially notice a fact that is not

4    subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

5    jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

6    reasonably be questioned."  In addition, the court may consider for a motion to dismiss

7    "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the

8    document; (2) the document is central to the plaintiff's claim; and (3) no party questions the

9    authenticity of the document."  United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984,

10   999 (9th Cir. 2011).  However, as Rule 201 makes plain, the court cannot notice "facts that may be

11   'subject to reasonable dispute.'"  Id. (quoting Lee, 250 F.3d at 689).  "More specifically, [the

12   court] may not, on the basis of evidence outside of the Complaint, take judicial notice of facts

13   favorable to Defendants that could reasonably be disputed."  Id.

14          Here, the court previously took judicial notice of the Trimedical sales agreement as a

15   document on which Plaintiff's claims "necessarily rely," and does so again here even though a

16   claim for breach of contract has not be reasserted in the FAC.  The court declines to take judicial

17   notice of the other documents, however.  The e-mail from Tom to Lecour contains statements

18   outside of Plaintiff's allegations that are subject to reasonable dispute.  And, as will be revealed

19   below, the information from the State Department's website is irrelevant to any issue resolved by

20   the court.  See Ruiz v. City of Santa Maria, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying

21   request for judicial notice, in part because information to be noticed did not bear on the "relevant

22   issue" before the court).

23          **B.    Motion under Rule 12(b)(6)**

24              **i.    Agency**

25           In response to Intuitive's motion to dismiss the original complaint, the court found that

26   Plaintiff had not provided sufficient factual information to plausibly establish that Intuitive was

27

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

6

vicariously liable for DeLeC's conduct.  The parties again dispute this point.

"An agent is one who represents another, called the principal, in dealings with third persons."  Cal. Civ. Code § 2295.  "This special relationship is significant in litigation because '[p]rincipals are liable for the torts of their agents committed within the scope of their agency.'" Heredia v. Intuitive Surgical, Inc., No. 5:15-cv-02662-EJD, 2015 U.S. Dist. LEXIS 160366, at *6, 2015 WL 7720915 (N.D. Cal. Nov. 30, 2015).

"An agency is either actual or ostensible."  Cal. Civ. Code § 2298.  "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."  Cal. Civ. Code § 2300. Although not previously apparent, Plaintiff now clarifies that the FAC implicates the doctrine of ostensible agency.  The court did not discuss this issue previously because it was not briefed by the parties.  Heredia, 2015 U.S. Dist. LEXIS 160366, at *9 n.1.

Ostensible agency has three elements: (1) "[t]he person dealing with an agent must do so with a reasonable belief in the agent's authority," (2) "such belief must be generated by some act or neglect by the principal sought to be charged," and (3) "the person relying on the agent's apparent authority must not be negligent in holding that belief."  J.L. v. Children's Inst., Inc., 177 Cal. App. 4th 388, 403-404 (2009).

Because the doctrine of ostensible agency is based on the principles of estoppel, it "cannot be established by the representations or conduct of the purported agent; the statements or acts of the principal must be such as to cause the belief the agency exists."  Id. at 404.  However, "the principal's consent need not be express" and the principal need not "make explicit representations regarding the agent's authority to the third party before ostensible authority can be found."  C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc., 213 F.3d 474, 479-80 (9th Cir. 2000).  Instead, "[a]n agent's authority may be implied from the circumstances of a particular case and may be proved by circumstantial evidence."  Id. at 480.  Indeed, an ostensible agency can be established "through evidence of the principal transacting business solely through the agent," by "the principal

United States District Court
Northern District of California

1  knowing that the agent holds himself out as clothed with certain authority but remaining silent," or

2  by "the principal's representations to the public in general." Id.

3      Reading the FAC in the light most favorable to Plaintiff and resolving all inferences in his

4  favor (Retail Prop. Trust, 768 F.3d at 945), the court finds that Plaintiff has alleged enough facts to

5  plausibly infer that DeLeC was Intuitive's ostensible agent.  Indeed, Plaintiff contends Intuitive's

6  representatives - Owens, Delgado and La Mendola - explicitly told Plaintiff he needed to purchase

7  the Device from Intuitive's agent for Bolivia, DeLeC.  Although this statement may itself be a

8  conclusion incapable of satisfying the obligation to plead agency, it is nonetheless bolstered by

9  other facts alleged in the FAC.  Specifically, Plaintiff states that Intuitive used DeLeC employees,

10  such as Lecour, to represent it at trade shows and that Owens, as a representative of Intuitive,

11  specified at a dinner meeting in 2012 that Intuitive, DeLeC and Trimedical would work in concert

12  to facilitate Plaintiff's purchase of the Device.  He also alleges that Owens and Delgado were in

13  contact with Plaintiff throughout the transaction.  Additionally, Plaintiff states Lecour provided

14  him with marketing and performance literature produced by Intuitive specifically for use by

15  DeLeC, and that DeLeC markets itself as the designer and manufacturer of the Device at trade

16  shows and in magazine and newspaper publications.

17      These circumstantial factual allegations, when taken as a whole, are enough to imply to

18  Plaintiff that Intuitive was transacting business in Bolivia solely through DeLeC, that Intuitive

19  knew DeLeC was publicly representing it had been bestowed certain authority, and that Intuitive

20  itself was making public statements concerning its relationship with DeLeC.  See C.A.R. Transp.,

21  213 F.3d at 479-80.  Consequently, at least as a matter of pleading, the FAC establishes that

22  Plaintiff had a reasonable belief in DeLeC's authority to conduct business on behalf of Intuitive,

23  that this belief was at least partially fostered by Intuitive and its representatives, and that, for these

24  reasons, Plaintiff was not negligent in presuming that DeLeC possessed the ability to do business

25  for Intuitive.  See J.L., 177 Cal. App. 4th at 403-404.

26      Intuitive's challenges to the agency allegations are unpersuasive.  It first argues the FAC

27

28  Case No.: 5:15-cv-02662-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

United States District Court
Northern District of California

1  fails to show that Intuitive exercised control over DeLeC, particularly because Plaintiff alleges

2  DeLeC defied Intuitive's requests to issue Plaintiff a refund. See Sonora Diamond Corp. v. Super.

3  Ct., 83 Cal. App. 4th 523, 541 (2000) ("Control is the key characteristic of the agent/principal

4  relationship."). But as indicated, Plaintiff has alleged enough facts to imply that Intuitive

5  exercised some degree of control over DeLeC, such that DeLeC was authorized to facilitate a

6  purchase agreement with Plaintiff on behalf of Intuitive. The contours of Intuitive's relationship

7  with DeLeC, and whether or not the scope of the agency permits Intuitive to order DeLeC to issue

8  a refund, are factual questions that cannot be resolved at this stage. C.A.R. Transp., 213 F.3d at

9  480 ("[U]nless only one conclusion may be drawn, existence of an agency and the extent of an

10  agent's authority is a question of fact . . ."); Clarendon Nat'l Ins. Co. v. Ins. Co. of the West, 442

11  F. Supp. 2d 914, 936 (E.D. Cal. 2006) ("The existence and scope of an agency is generally a

12  question of fact . . . unless the essential facts are undisputed and subject to only one inference . . .

13  .").

14        The same observation must be made about Intuitive's claim that DeLeC, as the exclusive

15  distributor for Bolivia, would have exceeded any authority by referring Plaintiff to Trimedical to

16  complete the purchase. See Stamas v. Cnty. of Madera, 795 F. Supp. 2d 1047, 1083 (E.D. Cal.

17  June 14, 2011) ("No liability is incurred by the principle for acts of the agent beyond the scope of

18  the agent's actual or ostensible authority, and a third party who deals with an agent and knows of

19  the agency is under a duty to ascertain its scope."). Though as a practical matter the allegations

20  appear superficially inconsistent, whether or not DeLeC operated outside of its agency relationship

21  in its dealings with Plaintiff is a factual question unsuited to this motion.

22        In sum, Plaintiff has plausibly alleged the existence of an ostensible agency relationship

23  between Intuitive and DeLeC.[1]

24

25

--------

26  [1] Because of this determination, the court need not address the separate theory of agency by
   ratification. Cal. Civ. Code § 2306 ("An agency may be created, and an authority may be
27  conferred, by a precedent authorization *or* a subsequent ratification." (emphasis added)).

9

28  Case No.: 5:15-cv-02662-EJD
   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
   DISMISS

### ii.   Conversion

Plaintiff asserts Intuitive converted the $850,000 received by DeLeC.  Conversion is the "wrongful exercise of dominion over the property of another."  Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2012).  To state a claim for conversion under California law, a plaintiff must plead the following elements: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  Id.  For the second element, while "[i]t is not necessary that there be a manual taking of the property," the plaintiff must show "an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use."  Messerall v. Fulwider, 199 Cal. App. 3d 1324, 1329 (1988).

Intuitive does not dispute Plaintiff's ownership of the money he paid or that the loss of such money constitutes a damage to Plaintiff.  Accordingly, neither the first nor third elements of conversion are at issue.  Instead, Intuitive argues the FAC fails to establish it exercised any control or ownership over the funds.

Although the court previously dismissed this claim because it was not alleged that Intuitive ever controlled Plaintiff's payments, it now finds the second element satisfied because "a principal may be liable for the wrongful conduct of its agent, even if that conduct is criminal . . . if the agent commits the tort in the scope of his employment and in performing service on behalf of the principal; regardless of whether the wrong is authorized or ratified by [the principal], and even if the wrong is criminal . . . ."  Doe v. Roman Catholic Archbishop of L.A., 247 Cal. App. 4th 953, 969 (2016) (internal quotation marks and citations omitted).  Again, Plaintiff has plausibly stated that Intuitive authorized DeLeC to conduct business on its behalf in Bolivia as its ostensible agent, and the purported conversion of Plaintiff's $850,000 payment allegedly occurred within the scope of that service.  Whether or not these allegations are true is a decision for a different motion, but under these circumstances the fact that Intuitive never assumed possession of the payment is of no moment in light of the agency allegations.

Intuitive's motion to dismiss the conversion claim will be denied.

Case No.: 5:15-cv-02662-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1

2          iii.     **Fraud-Based Claims**

3          Plaintiff asserts several fraud-based claims, two of which are for fraudulent

4   misrepresentation.  In the first, Plaintiff alleges that DeLeC never intended to honor Plaintiff's

5   agreement with Trimedical to purchase the device but secretly intended to misappropriate any

6   funds it received toward the purchase.  He seeks to hold Intuitive vicariously liable for the conduct

7   of DeLeC.

8          In the second asserted directly against Intuitive, Plaintiff alleges that Owens, Delgado and

9   Alvarez-Quintero mispresented that DeLeC was competent, trustworthy and able to complete his

10  purchase of the Device.  Plaintiff also asserts claims for negligent misrepresentation and

11  fraudulent concealment against Intuitive based on this same allegation.

12         The elements of fraudulent misrepresentation in California are: (1) a misrepresentation; (2)

13  knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5)

14  resulting damage.  Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997).  The

15  elements of negligent misrepresentation are similar except that a plaintiff need not show that the

16  defendant knew of the falsity of the statement, but rather that the defendant lacked reasonable

17  ground for believing the statement to be true.  McReynolds v. HSBC Bank USA, No. 5:11-cv-

18  05245 EJD, 2012 U.S. Dist. LEXIS 165219, at *6, 2012 WL 5868945 (N.D. Cal. Nov. 19, 2012).

19         "The required elements for fraudulent concealment are (1) concealment or suppression of a

20  material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant

21  intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the

22  plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known

23  of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the

24  concealment or suppression of the fact."  Graham v. Bank of Am., N.A., 226 Cal. App. 4th 594,

25  606 (2014).

26         A plaintiff must satisfy Rule 9(b)'s heightened pleading standard for these types of claims.

27

28  Case No.: 5:15-cv-02662-EJD

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

United States District Court
Northern District of California

1    Vess, 317 F.3d at 1103; North Star Gas Co. v. Pac. Gas & Elec. Co., No. 15-cv-02575-HSG, 2016

2    U.S. Dist. LEXIS 131684, at *87, 2016 WL 5358590 (N.D. Cal. Sept. 26, 2016) ("Most courts in

3    this district hold state common law negligent misrepresentation claims to the heightened pleading

4    standards of Rule 9(b)."). However, [m]alice, intent, knowledge, and other conditions of a

5    person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

6                              **a.  Vicarious Liability Claim**

7              As before, Intuitive argues the first claim must be dismissed for failure to allege enough

8    facts to establish that DeLeC's statements concerning transferring funds and delivering the Device

9    were false when made.

10             The Ninth Circuit has "consistently required that circumstances indicating falseness be set

11   forth" under Rule 9(b). In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). "To

12   allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to

13   identify the transaction. . . . [t]he plaintiff must set forth what is false or misleading about a

14   statement, and why it is false." Id. Moreover, "the falsity of a statement at the time it is made" is

15   required to adequately plead fraud according to the Rule 9(b) standard. Richardson v. Reliance

16   Nat'l Indem. Co., No. C-99-2952-CRB, 2000 U.S. Dist. LEXIS 2838, at *12, 2000 WL 284211

17   (N.D. Cal. Mar. 9, 2000). "[A] statement is not necessarily fraudulent merely because it is

18   contradicted by later-discovered facts." Id. To that end, "the plaintiff is precluded from simply

19   pointing to a defendant's statement, noting that the content of the statement conflicts with the

20   current state of affairs, and then concluding that the statement in question was false when made."

21   Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001).

22             But at the same time, "circumstantial evidence that explains why the statement was

23   misleading when made" can be adequate to plead falseness. Muse Brands, LLC v. Gentil, No. 15-

24   cv-01744-JSC, 2015 U.S. Dist. LEXIS 99143, at *13-14, 2015 U.S. Dist. LEXIS 99143 (N.D. Cal.

25   July 28, 2015). Intent not to perform "has been inferred from such circumstances as defendant's

26   insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his

27

28   Case No.: 5:15-cv-02662-EJD

12

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    continued assurances after it was clear he would not perform."  Tenzer v. Superscope, Inc., 39

2    Cal.3d 18, 30 (1985).  Additionally, the defendant's "failure to provide a more substantiated

3    explanation" for a lack of performance can constitute circumstantial evidence of

4    misrepresentation.  Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 421 (C.D. Cal. 2012).

5          Here, Plaintiff alleges that despite Lecour's representation his payments to Trimedical

6    would "flow to Intuitive" and that Intuitive would in turn provide the Device to Plaintiff, he later

7    discovered DeLeC received only $850,000 from Trimedical.  Plaintiff also learned DeLeC had not

8    transferred any of these funds to Intuitive.  In subsequent discussions with LeCour about the

9    payments, Lecour first demanded full payment, then offered to return less than the full amount,

10   and then simply stopped responding to Plaintiff.  These allegations, though inarguably

11   circumstantial, all lend support to a plausible inference that DeLeC never intended to perform as

12   promised.  As such, Plaintiff has done what Rule 9(b) requires by providing more detail in the

13   FAC than merely pointing out DeLeC's subsequent failure to honor an alleged promise.  The court

14   therefore rejects Intuitive's challenge to the claim on that basis.

15         Intuitive argues, based on Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047

16   (2011), that this claim lacks plausibility because there is an "obvious alternative explanation" for

17   DeLeC's conduct.  Cafasso, however, does not stand for the proposition that a fraud claim is

18   implausible simply because a defendant can identify other reasons why alleged activity occurred.

19   To the contrary, the Cafasso court correctly cited the "obvious alternative explanation" language

20   from Iqbal because in that case, like in Iqbal, maintenance of plaintiff's legal theory required the

21   acceptance of an "unwarranted and implausible inference."  Compare Cafasso, 637 F.3d at 1056-

22   57 (holding when the plaintiff could not allege a false claim outright despite her familiarity with

23   company practices and information, it was improper to nonetheless infer that such a claim

24   existed), with Iqbal, 556 U.S. at 682 (holding the plaintiff's allegation that post-9/11 arrests based

25   on "purposeful, invidious discrimination" was rendered implausible when compared to an

26   "obvious alternative explanation" based on a "nondiscriminatory intent to detain aliens who were

27

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

                                                    13

1    illegally present in the United States and who had potential connections to those who committed

2    terrorist acts").  The alternative scenarios described by Intuitive are not obvious enough to render

3    unwarranted or implausible Plaintiff's allegation that DeLeC operated with fraudulent intent from

4    the outset.

5         Intuitive's motion to dismiss the fraudulent misrepresentation claim based on a vicarious

6    liability theory will be denied.

7                          **b.  Direct Liability Claims**

8         Like the vicarious liability claim, Intuitive argues the direct liability claims must be

9    dismissed because Plaintiff did not sufficiently allege the statements concerning DeLeC's

10   reliability and ability to complete the transaction were false or incomplete when made.  The court

11   previously dismissed these claims on that basis.  It dismisses them again here.

12        Plaintiff alleges that Owens, Delgado and Alvarez-Quintero told him in 2011 and 2012 that

13   DeLeC was "competent, trustworthy and able to complete the transaction." FAC, at ¶ 23.  He also

14   alleges that after he discovered his payments were not completely transferred from Trimedical in

15   2013, Alvarez-Quintero stated "Intuitive had dealt with similar problems from DeLeC and []

16   Lecour over the past few years, and that Intuitive would perhaps cut ties with DeLeC as a result."

17   Id. at ¶ 38.  According to Plaintiff, no Intuitive employee disclosed "that Intuitive had received

18   serious complaints regarding DeLeC." Id. at ¶ 39.

19        Plaintiff essentially argues the 2013 revelation by Alvarez-Quintero concerning complaints

20   about DeLeC constitutes circumstantial evidence explaining why earlier statements made by

21   Alvarez-Quintero and other Intuitive representatives were knowingly incorrect at the time they

22   made them.  On that basis, Plaintiff believes he satisfied his pleading obligations.

23        Plaintiff's argument is unconvincing for several reasons.  First, there is still a glaring

24   plausibility problem with the underlying factual scenario.  "[C]laims of fraud or mistake . . . must,

25   in addition to pleading with particularity, also plead plausible allegations." Cafasso, 637 F.3d at

26   1055.  "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the

27

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1  court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

2  Yastrab v. Apple Inc., 173 F. Supp. 3d 972, 980-81 (N.D. Cal. 2015) (quoting Iqbal, 556 U.S. at

3  678). "In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that

4  requires courts to 'draw on . . . judicial experience and common sense.'" Levitt v. Yelp! Inc., 765

5  F.3d 1123, 1135 (9th Cir. 2014) (quoting Eclectic Props. E., LLC v. Marcus & Millichap Co., 751

6  F.3d 990, 996 (9th Cir. 2014)).

7       As before, the FAC is devoid of facts explaining why Owens and Delgado should be

8  charged with knowledge of any complaints about DeLeC in 2011 and 2012.  Plaintiff alleges only

9  that Alvarez-Quintero knew of the complaints.  Although he also plainly alleges that Owens and

10  Delgado were members of "Intuitive's senior sales team for Latin America.," it cannot be

11  plausibly inferred based on that statement that these other Intuitive representatives were aware of

12  all customer complaints, or any specific complaints about DeLeC.  Doing so defies common

13  sense.  As a consequence, these fraud claims simply cannot be based on alleged statements,

14  omissions or concealment by Owens and Delgado.  See Richardson v. Reliance Nat'l Indem. Co.,

15  2000 U.S. Dist. LEXIS 2838, at *12; see also Smith, 160 F. Supp. 2d at 1153.  Although Rule 9(b)

16  permits Plaintiff to generally allege the knowledge of Owens and Delgado, it does not excuse

17  Plaintiff's primary responsibility to plead plausible claims under Rule 8.

18       Second, both the Ninth Circuit and several district courts have expressed doubt that the

19  existence of customer complaints, in and of themselves, can support an inference of the

20  defendant's knowledge when it comes to pleading fraud-based claims according to Rule 9(b).

21  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1147 (9th Cir. 2012); Williams v. Yamaha Motor

22  Corp., U.S.A., 106 F. Supp. 3d 1101, 1115 (C.D. Cal. 2015); Fisher v. Honda N. Am., No. LA

23  CV13-09285 JAK(PLAx), 2014 U.S. Dist. LEXIS 84570, at *10-14, 2014 WL 2808188 (C.D.

24  Cal. June 12, 2014); Baba v. Hewlett-Packard Co., No. C 09-05946 RS, 2010 U.S. Dist. LEXIS

25  59747, at *13-16, 2010 WL 2486353 (N.D. Cal. June 16, 2010).  Such doubt is particularly

26  warranted when complaints are undated because they provide no impression the defendant was

27

28
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

1    aware of their subject matter at the time a purported misrepresentation or omission was made.

2    Wilson, 668 F.3d at 1147-48.  If anything, customer complaints "merely establish the fact that

3    some consumers were complaining."  Berenblat v. Apple, Inc., Nos. 08-4969 JF (PVT), 09-1649

4    JF (PVT), 2010 U.S. Dist. LEXIS 46052, *27, 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010).  A

5    plaintiff must plead the existence of complaints "together with other indications" that the

6    defendant had knowledge of the problem.  Wilson, 668 F.3d at 1147.

7         Though these cases discuss complaints in the context of consumer protection statutes,[2] the

8    court finds their reasoning persuasive and applicable to the instant claims.  And under this

9    authority, Plaintiff's claims fail.  Alvarez-Quintero's alleged statement in 2013 describing

10   problems or complaints with DeLeC or Lecour provides too few details to infer that he knew of

11   these issues on or two years earlier, when he allegedly vouched for DeLeC's competency and

12   trustworthiness.  The FAC does not reveal when the complaints were made, who made them, to

13   whom they were made, what constitutes "similar problems" or "similar misconduct," and most

14   importantly, provides no facts establishing any Intuitive representative, let alone Alvarez-

15   Quintero, knew about them in 2011 and 2012.  Plaintiff's allegations only suggest that unknown

16   complaints were made by equally unknown customers to unidentified Intuitive employees; there

17   are no "other indications" upon which knowledge can be inferred.  That is not enough to plead

18   fraud with specificity under Rule 9(b).

19        The court understands Plaintiff to allege Alvarez-Quintero refused to discuss the

20   complaints when asked about them.  That statement does not modify the pleading standard or the

21   other duties it implies.  See Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir.

22   1969) (holding that Rule 9(b) "requires the plaintiff to conduct a precomplaint investigation in

23   sufficient depth to assure that the charge of fraud is responsible and supported, rather than

24

25   ─────────────────────

[2] Indeed, the same element of knowledge must be pled in a manner consistent with Rule 9(b)
26   whether a claim is for common law fraud or for a statutory violation based on fraudulent conduct.
     See Wilson, 668 F.3d at 1145 ("Plaintiffs must allege HP's knowledge of a defect to succeed on
27   their claims of deceptive practices and fraud.").

                                                          16
28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

1    defamatory and extortionate").  But even if that were sufficient to justify the absence of additional

2    factual details, it does nothing to alleviate the speculative nature of Plaintiff's claims.  It is

3    implausible to allege that Intuitive was on notice of any problems with DeLeC or Lecour in 2011

4    and 2012 because of one vague statement made by Alvarez-Quintero in 2013.

5         In short, Plaintiff has not stated direct liability claims against Intuitive for fraudulent

6    misrepresentation or fraudulent concealment without sufficient facts establishing knowledge of

7    falsity.  See Engalla, 15 Cal. 4th at 974; see also Hoffman v. 162 N. Wolfe LLC, 228 Cal. App.

8    4th 1178, 1185-86 (2014).  Nor has Plaintiff stated a claim for negligent misrepresentation.  The

9    FAC does not plausibly establish that Owens, Delgado or Alvarez-Quintero were aware of any

10   reliability problems with DeLeC or LeCour or lacked reasonable grounds to make the statement

11   attributed to them.

12        The direct liability fraud claims will therefore be dismissed.  Because this is the second

13   dismissal of these claims under similar circumstances, the court finds that permitting another

14   opportunity to amend would be futile.  As such, the claims will be dismissed without leave to

15   amend.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013) ("A

16   district court may deny leave to amend when amendment would be futile."); Leadsinger, Inc. v.

17   BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that leave to amend may be

18   denied for "failure to cure deficiencies by amendments previously allowed").

19        **C.    Motion under Rule 12(b)(7)**

20         Intuitive believes Plaintiff's claims must be dismissed for failure to join DeLeC under Rule

21   19(a).  This argument is misplaced.

22         Rule 19(a) requires a party to be joined if (1) "in that person's absence, the court cannot

23   accord complete relief among existing parties;" or (2) "that person claims an interest relating to

24   the subject of the action" such that his or her absence would "impair or impede the person's ability

25   to protect the interest;" or "leave an existing party subject to a substantial risk of incurring double,

26   multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a);

27
                                                    17
28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

1   Ward v. Apple Inc., 791 F.3d 1041, 1048 (9th Cir. 2015).

2          DeLeC's joinder is not required under the first section of Rule 19(a).  This is because

3   "[a]gents and joint tortfeasors . . . are not generally deemed indispensable parties, because full

4   liability can be imposed on the principal or joint tortfeasor even if they are not joined." Dorfman

5   v. Mass. Cas. Ins. Co., No. CV 15-06370 MMM (ASx), 2015 U.S. Dist. LEXIS 156796, at *24,

6   2015 WL 7312413 (C.D. Cal. Nov. 19, 2015); Ward, 791 F.3d at 1048.  Since DeLeC may be

7   considered Intuitive's ostensible agent in its dealings with Plaintiff, he can recover the full amount

8   of damages from Intuitive even if DeLeC is not joined.

9          As to the second section of Rule 19(a), the court must "identify the specific legally

10  protected interests [DeLeC] claims, and," if such an interest exists, "assess how those interests

11  may be impaired when, as a non-party, the outcome of the action will not bind [DeLeC] in future

12  proceedings." Id. at 1050.  Contrary to what Intuitive argues, the fact the FAC portrays DeLeC as

13  an "active participant" or the "central culprit" in the purported theft of Plaintiff's payments is not

14  dispositive of this issue. Id.  Instead, the court must primarily undertake a "practical" and "fact-

15  specific" inquiry to determine whether a proposed "legally protected" interest warrants protection

16  under Rule 19. Id. at 1051.  The Ninth Circuit requires "that the interest 'be more than a financial

17  stake, and more than speculation about a future event.'" Id. (quoting Cachil Dehe Band of Wintun

18  Indians v. California, 547 F.3d 962, 970 (9th Cir. 2008)).

19         It is Intuitive's burden to show that DeLeC's joinder is required. Makah Indian Tribe v.

20  Verity, 910 F.2d 555, 558 (9th Cir. 1990).  In an effort to do so, Intuitive lists three potential

21  "legally protected" interests for DeLeC: (1) it has an interest in the money it allegedly retains, (2)

22  it has an interest in defending its reputation against claims for fraud and theft, and (3) any

23  judgment against Intuitive in this action might have a preclusive effect against DeLeC or weaken

24  its bargaining power in any future litigation.  None of these interests mandate DeLeC's joinder.

25         First, the fact that DeLeC may have an interest in the payments it retained is not sufficient

26  under Rule 19(a).  Though "[a] fixed fund which a court is asked to allocate may create a

27

28
Case No.: 5:15-cv-02662-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

United States District Court
Northern District of California

1   protectable interest in beneficiaries of the fund," Plaintiff does not seek return of the unique

2   monies he paid.  Id.  He is simply seeking damages for payments that were not returned.  Those

3   damages can be paid by Intuitive.  If anything, DeLeC's interest in the money is a financial one

4   that is inexplicitly inadequate to require joinder.  Ward, 791 F.3d at 1051.

5        Second, DeLeC's reputational interest in similarly inadequate.  The Ninth Circuit has

6   found that such interests are not legally protected because a "joint tortfeasor's reputation generally

7   will be adversely impacted in any case accusing it of wrongdoing," and should not be recognized

8   under Rule 19(a) because it "would significantly erode the general rule that a plaintiff need not

9   join all tortfeasors in one action."  Id. at 1053.

10       Third, the risk this action may affect future litigation against DeLeC is insufficient because

11   it constitutes "speculation about a future event."  Id. at 1051.  Intuitive has not cited any other

12   related litigation pending against DeLeC, and has not explained exactly how a judgment in this

13   case would prejudice DeLeC in any event.

14       Because Intuitive has not fulfilled its burden to identify a legally protected interest for

15   DeLeC, the Rule 19(a) analysis stops here.  Id. at 1048 (holding that two conditions must be

16   satisfied for joinder under Rule 19(a)(1)(B), the first being the party must "'claim[] an interest

17   relating to the subject of the action'").  DeLeC need not be joined, and the motion to dismiss under

18   Rule 12(b)(7) will be denied.

19   **IV.   CONCLUSION AND ORDER**

20       Based on the foregoing:

21    1.  Intuitive's motion under Rule 12(b)(6) to dismiss the first claim for conversion and the

22   second claim for fraudulent misrepresentation - vicarious liability is DENIED.

23    2.  Intuitive's motion under Rule 12(b)(6) to dismiss the third claim for fraudulent

24   concealment, the fourth claim for fraudulent misrepresentation, and the fifth claim for negligent

25   misrepresentation is GRANTED.  Those claims are DISMISSED WITHOUT LEAVE TO

26   AMEND.

27

28   Case No.: 5:15-cv-02662-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
     DISMISS

United States District Court
Northern District of California

1       3.   Intuitive's motion to dismiss all claims under Rule 12(b)(7) is DENIED.

2          Intuitive shall file an Answer to the FAC within 15 days of the date this order is filed.  The

3    court schedules a Case Management Conference at **10:00 a.m. on February 2, 2017.**  The parties

4    shall file a Joint Case Management Conference Statement on or before **January 26, 2017.**

5

6          **IT IS SO ORDERED.**

7    Dated:  November 28, 2016

8    

9    EDWARD J. DAVILA
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

20

28

Case No.: 5:15-cv-02662-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS

United States District Court
Northern District of California